1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FLOYD GRAYSON,

    Plaintiff,

v.

TITANIUM METALS CORP., *et al*.,

    Defendants.

Case No. 2:08-01754-KJD-GWF

**ORDER**

Presently before the Court is Defendants, United Steel, Paper and Forestry, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (the "International") and Local 4856 of the United Steel, Paper and Forestry, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (the "Local"), Motion to Dismiss (#3). Though the time for doing so has passed, Plaintiff has failed to file a response in opposition to the motion. Therefore, in accordance with Local Rule 7-2(d), and good cause being found, the Court grants the motion to dismiss.

I. Analysis

Section 301 of the Labor Management Relations Act, 1947, 29 U.S.C. § 185, provides for suits in the district courts for violation of collective-bargaining agreements between labor organizations and employers without regard to the amount in controversy. Hines v. Anchor Motor

1    Freight, Inc., 424 U.S. 554, 562 (1976).  Section 301 contemplates suits by individual employees as

2    well as between unions and employers.  See id.  Section 301 encompasses suits seeking "to vindicate

3    uniquely personal rights of employees such as wages, hours, overtime pay, and wrongful discharge."

4    Id.  Plaintiff's present suit against Titanium Metals Corporation and the International and Local

5    Unions for breach of contract, breach of the duty of fair representation, retaliation, conspiracy, and

6    interference with prospective economic advantage is the kind of case Congress provided for in

7    Section 301.  See id.  Therefore, though some claims appear to be framed under state law, they are

8    clearly preempted.  See Stallcop v. Kaiser Found. Hosp., 820 F.2d 1044, 1048 (9th Cir. 1987).

9          Grayson's claim for breach of contract is a hybrid section 301 and fair representation claim.

10    See Harris v. Alumax Mill Products, Inc., 897 F.2d 400, 404 (9th Cir. 1990).   A fair representation

11    claim is an assertion that the Union breached its duty to fairly and responsibly represent plaintiff.

12    Without the hybrid claim, an employer could always escape liability for wrongful discharge by

13    asserting a plaintiff's failure to exhaust administrative remedies set up by a collective bargaining

14    agreement.  See Hines, 424 U.S. at 562-67.  The Supreme Court has held that the six-month statute

15    of limitations period contained in section 10(b) of the National Labor Relations Act applies to hybrid

16    suits.  See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151 (1983).

17          Grayson's claim accrued no later than August 5, 2005 when he was informed by the Union

18    Defendants that his claim was not suitable for arbitration.  See Harris, 897 F.2d at 404 (citing

19    Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir. 1986) (the statute of limitations "begins to run

20    when an employee knows or should have known of the alleged breach of duty of fair

21    representation").  Grayson, however, did not file his complaint until December 12, 2008, at least

22    fourty (40) months later.  Grayson asserted these facts in his complaint and the Court must take them

23    as true in resolving a motion to dismiss, especially where Plaintiff has made no response disputing

24    this.  Thus, his complaint against the Unions is time-barred.

25    ////

26    ////

2

II.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants, United Steel, Paper and Forestry, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (the "International") and Local 4856 of the United Steel, Paper and Forestry, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (the "Local"), Motion to Dismiss (#3) is **GRANTED**.

DATED this 30th day of January 2009.


_____
Kent J. Dawson
United States District Judge